UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| VERNON NORMAN EARLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-184-DLB |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Vernon Norman Earle ("Earle"), an inmate confined in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, filed a *pro se* Complaint against the United States of America, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  [R. 1]  Earle alleges that in December of 2011, he experienced a detached retina in his right eye.  Although this condition could not be corrected without surgery, Earle did not undergo surgery to repair his detached retina until March 8, 2012.  Earle claims that prison personnel at USP-McCreary were negligent in needlessly delaying and interfering with Earle's necessary surgery and associated medical treatment for his eye condition.  Earle also claims that because his detached retina was not treated sooner, the condition of his right eye deteriorated, which complicated the surgery, requiring two follow-up surgeries.  Earle seeks $2.5 million in damages for permanent physical injuries sustained due to the prison staff's negligence. *Id.*  By prior Order, the Court granted Earle's motion to pay the filing fee in installments.  [R. 4]

The Court must conduct a preliminary review of Earle's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against the government.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Earle's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has given his complaint a liberal, and hence broad, construction, and will evaluate any cause of action which can reasonably be inferred from the allegations made.

For the reasons stated below, the United States of America must respond to Earle's FTCA claim.

## BACKGROUND

In December of 2011, Earle noticed that he had a vision problem with his right eye. He submitted an Inmate Request To Staff, stating in part: "my right eye is darking up on me. Some times I can only see half a vision in it at times, like a dark spot appears. Please put me on the next visit list when the eye doctor comes again." [R. 1-2, Page ID# 23]. On January 5, 2012, Earle was placed on the optometrist waiting list. *Id.* Apparently, he was examined by an optometrist, diagnosed with a detached retina in his right eye, and scheduled for corrective surgery on February 22, 2012. [R. 1-2, Page ID# 21]. This surgery required a medical transport to an outside appointment. *Id.*

Earle states that on February 21, 2012 at 11:20 p.m., Correctional Officer Godberry came to his cell to escort him to R & D in preparation for medical transport the following morning.

Earle states that he had his legal mail with him, which he planned to take from his cell and drop off in the mail room, presumably en route to R & D. Reading between the lines of Earle's Inmate Request To Staff dated February 22, 2012, it appears that Officer Godberry refused to remove Earle from his cell and take him to R & D for the medical transport because Earle wanted to take his mail with him and drop it by the mail room. [R. 1-2, Page ID# 21]. As a consequence, Earle's eye surgery, scheduled for February 22, 2012, was cancelled. The eye surgery was rescheduled for March 8, 2012, approximately two weeks later, and Earle underwent the surgery on that date.

Earle claims that Officer Godberry was not authorized to cancel his eye surgery and that his eye condition worsened due to the delayed treatment for his detached retina, which complicated his initial surgery and necessitated two follow-up surgeries. He claims that prison staff were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In filing this FTCA action, Earle identifies the United States of America as the sole defendant.

## FEDERAL TORT CLAIMS ACT

The United States of America is immune from suit except where its sovereign immunity is explicitly waived. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States government and allows federal district courts to hear tort actions against the federal government for ". . . injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant

in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies and employees. *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989). Federal prisoners are included as possible plaintiffs in FTCA cases. *United States v. Muniz*, 374 U.S. 150 (1963). *See also*, 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). A claim under the FTCA may only be asserted against the United States of America. *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."). The United States of America is properly named as a defendant herein.

A plaintiff must exhaust his FTCA claim before the Court has jurisdiction over his lawsuit. 28 U.S.C. § 2675(a); *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003) ("Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the [FTCA] claim." (citation omitted)). Thus, an inmate must first present his claim (typically, by filing a Standard Form 95) to the regional office of the Bureau of Prisons (BOP), and the agency must deny his request, 28 U.S.C. § 2675(a), before the inmate is authorized to file an FTCA claim in the district court. If the plaintiff does not file an administrative claim and receive a denial from the agency before filing suit, the Court must dismiss the claim for want of jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The exhibits attached to Earle's complaint reflect that on or about January 23, 2013, he submitted a tort claim on a Standard Form 95 against the United States and mailed it to the

BOP's Mid-Atlantic Regional Office ("MARO") in Annapolis, Maryland. [R. 1-2, Page ID## 17-19]. In this claim, Earle described his injuries as loss of vision and denial of medical care and treatment. He requested damages of $2.5 million. *Id.* By letter to Earle dated February 11, 2013, the BOP acknowledged receipt of his tort claim. The BOP identified this claim as Administrative Tort Claim Number 2013-02607. [R. 1-2, Page ID# 14]. Subsequently, by letter dated April 1, 2013, the BOP informed Earle, for the reasons stated therein, that it was denying his tort claim. [R. 1-2, Page ID##15-16]. Earle's Administrative Tort Claim No. 2013-02607 appears to have been timely presented to the BOP and fully exhausted. Further, Earle timely filed the present action challenging its denial. Because the Court has granted Earle's motion to proceed without prepayment of the filing fee, the London's Clerk's Office and the United States Marshals Service ("USMS") will serve the summons and complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, **IT IS ORDERED** that:

1. The Deputy Clerk in the London Clerk's Office shall prepare three "Service Packets" consisting of the following documents for service of process upon the United States of America:

    a. a completed summons form;

    b. the complaint [R. 1] and all attachments thereto [R. 1-1, R. 1-2];

    c. this Memorandum Order; and

    d. a completed USM Form 285.

2. The London Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky, and note in the docket the date that the Service Packets were delivered to the USMS.

3. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to:

 (a) the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

(b) the Office of the Attorney General of the United States in Washington, D.C.; and,

(c) the Central Office of the Federal Bureau of Prisons in Washington, D.C.

4. Pursuant to Rule 12(a)(2), Federal Rules of Civil Procedure, the United States of America shall answer or otherwise respond to the complaint **within 60 days after service on the United States Attorney**.

5. The plaintiff must immediately advise the Court of any change in his current mailing address. Failure to do so may result in the dismissal of this case. The plaintiff must communicate with the Court solely through notices or motions filed with the Clerk of the Court. The Court will disregard correspondence sent directly to the judge's chambers.

6. With every notice or motion filed with the Court, the plaintiff must (a) mail a copy to the defendant (or the defendant's attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to the defendant (or the defendant's attorney) and the date on which this was done. The Court will disregard any notice or motion which does not include this certification.

This 1st day of December, 2014.



Signed By:
David L. Bunning
United States District Judge

G:DATA/ORDERS/London/13-184 Short MOO re FTCA